IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CONSTANCE KIDD,            PETITIONER

V.            NO. 1:03CR002-GHD

UNITED STATES OF AMERICA,            RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Constance Kidd's, a *pro se* federal inmate, § 2255 motion in which she is seeking to vacate or reduce her sentence. Having reviewed the motion and the Government's response, the court finds that the motion is not well taken and shall be denied.

### A. Background

On January 7, 2001, in the District of Hawaii, Constance Kidd was sentenced on her pleas of guilty to one count of making false statements to a federally insured bank on a mortgage application, and one count of falsely representing a social security number in an attempt to obtain payment or benefit to which she was not entitled. Petitioner was sentenced to 18 months of imprisonment to be followed by three years of supervised release. On December 15, 2004, a petition to revoke Kidd's supervised release was filed in this court. January 21, 2005, the court found Petitioner to be violation the conditions of her supervised release and imposed a sentence of nine months imprisonment. The written judgment was entered on January 28, 2005. Since that time, Kidd has filed numerous *pro se* motions. Though incoherent, with each motion Kidd is essentially seeking a reduction or complete vacation of her sentence.

### B. Discussion

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the

director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582.

None of these circumstances are applicable in this case. Additionally, though there were no arithmetical errors, any technical miscalculation should have been corrected by January 28, 2005. *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998). Therefore, Kidd's § 2255 motion is meritless. Finally, while this motion was pending, Petitioner was released from confinement on September 28, 2005. Her release also renders her claims moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

*C. Conclusion*

Consistent with the foregoing discussion Petitioner's § 2255 motion shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of August, 2007.

_____
Senior Judge